UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. COMMODITY FUTURES
TRADING COMMISSION,

    Plaintiff,

v.

JERRY STAUFFER,

    Defendant.
_____/

Hon. Paul L. Maloney

Case No. 1:15-cv-00201-PLM

## **REPORT AND RECOMMENDATION**

Defendant Jerry Stauffer was convicted by a jury of one count each of wire fraud, in violation of 18 U.S.C. § 1343, and money laundering, in violation of 18 U.S.C. § 1957, and he was sentenced to two 120-month concurrent terms of imprisonment. *United States v. Stauffer*, 1:15-cr-0034, ECF No. 67, 83 (C.J. Jonker). His convictions and sentences were affirmed. *United States v. Stauffer*, No. 16-1951, 2017 WL 2628894 (6th Cir. June 19, 2017). Defendant's convictions related to a foreign-currency-exchange (forex) Ponzi scheme he ran between 2009 and 2015. *See id.* at *1.

The instant civil proceeding is factually interrelated with the criminal case; so much so, that the Court stayed the civil case pending completion of the criminal proceedings to protect defendant Stauffer's Fifth Amendment right against self incrimination. (*See* 1:15-cv-00201-PLM, ECF No. 25).[1] The U.S. Commodity Futures

---

[1]The Court lifted the stay on November 4, 2016, following defendant Stauffer's criminal conviction. (ECF No. 38). Thereafter, defendant Stauffer sought

Trading Commission (CFTC) is suing defendant Stauffer for violations of the Commodity Exchange Act (CEA), 7 U.S.C. §§ 1, *et seq.* (Complaint, ECF No. 1). The CFTC claims that defendant Stauffer defrauded his forex investors of at least $968,000. (*See id.*, PageID.1). The agency seeks, among other things, restitution, civil monetary penalties, and remedial ancillary relief, including, but not limited to, disgorgement. (*See id.*, PageID.12-13).

This matter is before the Court on defendant Jerry Stauffer's *pro se* motion to dismiss the civil complaint. (ECF No. 34). It is not a model of clarity. Interpreting it indulgently, it appears that defendant contends that he is not subject to suit under the CEA because he was not a "commodity pool operator," as forex does not fall within the definition of "commodity" or "commodity interest." (*Id.*, PageID.312-15). He also argues that this suit is barred by the Double Jeopardy Clause of the Fifth Amendment. He complains that, being incarcerated, he lacks access to resources needed to hire a lawyer and to prepare a defense. (*Id.*, PageID.315-16; ECF No. 34-1, PageID.320-21).

While defendant Stauffer's motion does not provide a specific basis for the relief he seeks, it is essentially one falling under the category of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. It will be treated as such.

---

stays pending his appeal before the Sixth Circuit and his petition for writ of certiorari with the Supreme Court. (ECF No. 39, 46). The former was dismissed as moot, and the latter denied. (ECF No. 47).

The CFTC responded to defendant's motion. (ECF No. 37). The agency counters that the forex transactions at issue are both commodities and commodity interests under the CEA and its corresponding regulations. (*Id.*, PageID.336-40). The CFTC further argues that the Double Jeopardy Clause does not bar subsequent civil actions, and that defendant Stauffer does not have a right to counsel in this case. (*Id.*, PageID.340-42). I agree on all issues. Accordingly, I recommend that defendant Stauffer's motion to dismiss be denied.

### **Rule 12(b)(6) Standards**

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than labels and the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). A complaint will survive a motion to dismiss if it

contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is appropriate only where the complaint does not give the defendant a fair notice of a legally cognizable claim. *See Twombly*, 550 U.S. at 555.

**DISCUSSION**

**I.     The Complaint Pleads Cognizable Claims Under The CEA.**

The CFTC's complaint alleges that defendant Stauffer defrauded investors in connection with "retail off-exchange forex contracts." (Complaint, ECF No. 1, PageID.1). The complaint also alleges that defendant solicited and accepted money to trade a commodity interest in a commodity pool. (*Id.*, PageID.4). The agency asserts that "[this] Court has jurisdiction over the conduct and transactions at issue in this case pursuant to Section 2(c)(2) and 6c of the [CEA], 7 U.S.C. §§ 2(c)(2) and 13a-1 (2012)." (*Id.*, PageID.3).

Defendant Stauffer concedes that "it appears that the CFTC possibly has limited jurisdiction over certain foreign currency trades" (citing 7 U.S.C. 2(c)(2)(C)(i)), but he contends that the "definitions of a 'commodity pool' and 'commodity pool operator' require that such trading be for the purpose of trading in commodity interests." (ECF No. 34, PageID.314-15). He argues that forex trading falls outside the statutory definition of a "commodity." (*Id.*, PageID.312).

As the CFTC notes, the CEA defines "commodity pool" in relevant part as "any investment trust, syndicate, or similar form of enterprise operated for the purpose of trading in commodity interests, including any– . . . (ii) agreement, contract, or

transaction described under section 2(c)(2)(C)(i) . . . ." The CEA's definition of "commodity pool operator" also indicates that a commodity interest includes any "agreement, contract, or transaction described in section 2(c)(2)(C)(i)." 7 U.S.C. § 1a(11)(A)(ii) (2012). Section 2(c)(2)(C)(i) explicitly includes a reference to forex. *See* 7 U.S.C. § 2(c)(2)(C)(i) (2012) ("This subpart shall apply to any agreement, contract, or transaction in foreign currency . . . .").

Forex transactions appear to fall within the statutory and regulatory definitions, particularly given Section 2(c)(2)(C)(i)'s inclusion of such transactions. Accordingly, the complaint survives scrutiny under Rule 12(b)(6)'s notice-pleading standards.

## II. The Double Jeopardy Clause Does Not Bar This Civil Suit.

Defendant Stauffer's argument regarding the Double Jeopardy Clause of the Fifth Amendment warrants little analysis. In *Hudson v. United States*, the Supreme Court held that the Double Jeopardy Clause "protects only against multiple *criminal* punishments for the same offense." 522 U.S. 93, 99 (1997) (emphasis in original). A civil proceeding does not place a defendant in "jeopardy," as that term is understood within the context of the Fifth Amendment. *Herbert v. Billy*, 160 F.3d 1131, 1136 (6th Cir. 1998) (citing *Breed v. Jones*, 421 U.S. 519, 528 (1975)). Accordingly, the Double Jeopardy Clause does not bar the instant civil proceeding.

## III. Defendant Stauffer Has No Right To Counsel In This Case.

Defendant Stauffer's concerns regarding his lack of access to resources needed to hire an attorney and to present a defense is not a basis for dismissing the complaint. First, there is no constitutional right to court-appointed counsel in a civil case. *See*

*Horacek v. Caruso*, No. 1:08-cv-262, 2008 WL 4820483, at *4 (W.D. Mich. Oct. 30, 2008) (citing *Brown v. City of Detroit*, 47 F. App'x 339, 341 (6th Cir. 2002) (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981)). The right to appointed counsel is triggered only when one's liberty interests are at stake. *See Lassiter*, 452 U.S. at 25-27.

Second, there is a mechanism – apart from dismissal of a complaint – to address the "exceptional" case in which the due-process rights of a civil litigant warrant the appointment of counsel. Pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to employ counsel." In civil actions, the decision to grant such a request is discretionary and is generally allowed only in exceptional cases. *See Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993) (the decision to deny a civil litigant's request for counsel will be overturned only when the denial of counsel results in "fundamental unfairness impinging on due process rights"). When examining such requests, courts generally consider factors such as: (1) whether the action presents a colorable claim for relief, (2) the litigant's ability to investigate crucial facts, (3) whether the nature of the evidence indicates that the truth will more likely be revealed when both sides are represented by counsel, (4) the ability of the litigant to present his case, and (5) the complexity of the legal issues presented. *See McKeever v. Israel*, 689 F.2d 1315, 1320-21 (7th Cir. 1982); *Lavado*, 992 F.2d at 605-06.

The Court need not consider those factors in this instance, as there is no pending motion for appointment of counsel. Whether grounds for such a motion exist in this

case – and I am not suggesting that there are – is immaterial to a determination as to whether the complaint states a claim under the rubrics of Rule 12(b)(6)

## **Recommended Disposition**

For the foregoing reasons, I recommend that defendant Stauffer's motion to dismiss (ECF No. 34) be denied.


Dated:  August 8, 2017                    /s/  Phillip J. Green
                                          United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIvR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).